976 F.2d 746
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SAYCO LTD., Appellant,
v.
H. Lawrence GARRETT, III, Secretry of the Navy, Appellee.
 No. 92-1219.
 United States Court of Appeals, Federal Circuit.
 June 12, 1992.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Navy moves to dismiss Sayco Ltd.'s appeal for lack of jurisdiction and for leave to exceed the page limit for motions.[1] Sayco opposes the motion to dismiss and moves for leave to exceed the page limit for responses to motions. The Navy moves to suspend further briefing pending the resolution of its motion to dismiss. Sayco moves "for leave to comment upon the denial by the Armed Services Board of Contract Appeals of Sayco's motion for reconsideration."
 
 
 2
 Sayco appeals from a November 8, 1991 decision of the Armed Services Board of Contract Appeals. The merits of Sayco's case involve whether Sayco is due any amount for collateral savings and what amount is due.
 
 
 3
 At the Board, Sayco and the Navy both moved for summary judgment. On November 8, 1991, the Board denied the cross-motions for summary judgment determining, inter alia, that material facts were still in dispute concerning the review of the contracting officer's decision on an arbitrary and capricious standard and whether Sayco should receive an amount for certain alleged collateral savings. Partial summary judgment was granted on other issues. However, the Board noted:
 
 
 4
 The parties shall establish a schedule for further proceedings and submit it to the Board within 30 days of receipt of this opinion and indicate the matters which, based upon this opinion, still require stipulations or an oral hearing. The schedule shall provide for serious settlement negotiations based on the partial summary judgment conclusions set forth in this opinion and shall establish a time for a telephone pre-hearing conference to discuss further scheduling in this appeal which time will be after the parties have discussed settlement of this appeal. In this regard, the Board notes that a number of additional motions have been filed which have not been addressed in this decision because they have either been withdrawn or have become moot. The parties are urged to discuss further scheduling on a voluntary basis and avoid the time and expense of formal motions addressing various matters.
 
 
 5
 The Navy argues that the November 8, 1991 decision is not a "final decision of an agency board of contract appeals" and that this court is without jurisdiction under 28 U.S.C. § 1295(a)(10). We agree. The Board's decision indicated that issues of fact remain and that the Board retained jurisdiction over the case to resolve certain issues. See Teledyne Continental Motors v. United States, 906 F.2d 1579 (Fed.Cir.1990). The Board did not finally determine the amount of entitlement but offered upper limits on the amount to which Sayco would be entitled.
 
 
 6
 Sayco's arguments in opposition to the Navy's motion are circular at best. In an attempt to distinguish Teller Environmental Systems, Inc. v. United States, 802 F.2d 1385, 1390 (Fed.Cir.1986), Teledyne and other cases cited in the Navy's motion, Sayco argues:
 
 
 7
 In those cases, however, issues of law were involved that a board had not resolved, or genuine issues of fact remained to be decided. They have no pertinency here where the Board has finally decided what it poses as legal issues ... and where what it denominates as issues of fact are spurious. They are really issues of law; and they are required by the applicable laws to be decided in Sayco's favor....
 
 
 8
 Sayco states that the Board has decided the issue of liability fully, "[e]xcept, perhaps, for whether the contracting officer acted arbitrarily or capriciously, which is an illusory issue." Although Sayco does not state that the Board has resolved the issue of the amount due, Sayco does argue that "[q]uestions of quantum are, as shown above, falsely characterized as fact issues, and the law that governs them requires judgment for Sayco." What Sayco appears to be arguing is that the Board erred in determining that factual issues remain which preclude summary judgment because those factual issues are really legal issues.
 
 
 9
 Sayco's submission concerning the Board's recent denial of Sayco's motion for reconsideration lends support to the conclusion that the Board's decision was not final when appealed and is still not final. The Board denied reconsideration on May 26, 1992, 23 days after Sayco appealed the Board's original decision on summary judgment. In the May 26, 1992 decision denying reconsideration, the Board ordered the parties to comply within 30 days with the scheduling provisions presented in the Board's original decision.
 
 
 10
 In sum, the Board has not finally resolved the issue of entitlement and the November 8, 1991 decision is not final or appealable.
 
 
 11
 Accordingly,
 
 IT IS ORDERED THAT:
 
 12
 (1) The Navy's motion to dismiss is granted.
 
 
 13
 (2) The parties' motions for leave to exceed the page limitations are granted.
 
 
 14
 (3) The Navy's motion to suspend further briefing is moot.
 
 
 15
 (4) Sayco's motion for leave to file a comment is granted.
 
 
 
 [1]
 We note that the Navy filed its motion on the same day that Sayco Ltd. filed its brief. See Fed.Cir.R. 27(d)). The Navy failed to state in its motion whether it had attempted to discuss the motion with the other party and whether the other party objected or would file a response. See Fed.Cir.R. 27 (a)(5)